UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
ANTHONY CRIVELLO RUSSO,

                              Plaintiff,

     -against-

                                                         Docket No.
JAN B. GOLDING, POLICE OFFICER, JOHN DIMILIA,     07 Civ. 5795
SEARGEANT, DARREL ALGAREN, POLICE OFFICER,     (WP-4)(MDF)
MICHAEL GUEDES, POLICE OFFICER, JOSEPH
VOUSDEN, TROOPER, and KEVEN M. CHORZEMPA,
POLICE OFFICER,

                              Defendants.
-------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS BY
DEFENDANTS DIMILIA, ALGAREN,
AND GUEDES**

                                                 MIRANDA SOKOLOFF SAMBURSKY
                                                 SLONE VERVENIOTIS LLP
                                                 Attorneys for Defendants
                                                 JOHN DIMILIA, DARREL ALGAREN, and
                                                 MICHAEL GUEDES

                                                 240 Mineola Boulevard
                                                 Mineola, NY 11501
                                                 (516) 741-7676
                                                 Our File No. 05-233

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................. i

**PRELIMINARY STATEMENT** ...........................................................................................1

**ARGUMENT**

**PLAINTIFF'S PLEADINGS SHOULD BE
DISMISSED PURSUANT TO RULE 8** ................................................................................2

**CONCLUSION** .....................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994) ................................................. 3

Kittay v. Kornstein, 230 F.3d 531, 541 (2nd Cir. 2000) ...................................................... 3

Lonesome v. Lebedeff, 141 F.R.D. 397 (E.D.N.Y. 1992) ................................................. 2

Moscowitz v. Brown, 850 F.Supp. 1185 (S.D.N.Y.1994) ................................................. 4

Owens v. New York State Dept. of Social Services, 1999 WL 39537 (S.D.N.Y. January 29, 1999) ............................................................................................................ 2

Parker v. DeBuono, 1999 WL 771365 (S.D.N.Y. September 28, 1999) ........................... 2

Roberto's Fruit Market, Inc. v. Schaffer, 13 F.Supp.2d 390 (E.D.N.Y. 1998) .................. 2

Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir.1988) ....................................................... 2

Shabtai v. Levande, 2001 WL 77064 (E.D.N.Y. January 23, 2001) ................................. 3

**Statutes**

Fed. R. Civ. P. 8 ......................................................................................................1,2,3,4,5

## **PRELIMINARY STATEMENT**

Plaintiff's complaint consists of convoluted and rambling allegations which appear to stem from an encounter with the police. Defendants John Dimilia, Darrel Algaren and Michael Guedes[1] move herein to dismiss plaintiff's complaint, pursuant to Fed. R. Civ. P. 8, on the grounds that it is not a short and plain statement of the claim. Specifically, plaintiff's complaint is neither short nor plain, nor does it even specify the date of the alleged wrongs.

---

[1] Upon information and belief, defendant MICHAEL GUEDES has not been served in this action.

## ARGUMENT

### PLAINTIFF'S PLEADINGS SHOULD BE
### DISMISSED PURSUANT TO RULE 8

It is well settled that a complaint should be plain and concise because the principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted to enable him to answer and prepare for trial. Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir.1988). As the Second Circuit has held, "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Id. Thus, courts will consistently dismiss voluminous and burdensome complaints that fail to comport with Rule 8. See Lonesome v. Lebedeff, 141 F.R.D. 397 (E.D.N.Y. 1992) (dismissing *pro se* complaint that spanned 63-pages and over 452 paragraphs); Roberto's Fruit Market, Inc. v. Schaffer, 13 F.Supp.2d 390 (E.D.N.Y. 1998) (dismissing *pro se* complaint which spanned 108 pages and 385 paragraphs and incorporated an affidavit); Parker v. DeBuono, 1999 WL 771365 (S.D.N.Y. September 28, 1999) (dismissing *pro se* complaint which spanned fifty-five single spaced pages in length); Owens v. New York State Dept. of Social Services, 1999 WL 39537 (S.D.N.Y. January 29, 1999)(dismissing *pro se* complaint which spanned more than 100 pages and contained eighty-four exhibits).

In this matter, plaintiff's pleadings consist of thirty-eight pages of convoluted and rambling allegations. At times, the allegations appear more in line with a collateral attack on

2

a search warrant or a criminal conviction than a suit against defendants for any of their conduct.

Without having the benefit of a clear and precise pleading, defendants are unable to ascertain whether plaintiff's claims herein undermine the integrity of Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994) and its progeny. To the extent that plaintiff's current conviction and incarceration arises from the allegations contained in the complaint, such claims should be dismissed pursuant to Heck v. Humphrey and its progeny. Given the defendants' inability to decipher plaintiff's legal causes of action, we are unable to determine whether such a motion, on this or other similar grounds, is appropriate at this juncture.

Plaintiff's complaint places an unjustified burden on the Court and the defendants and thus violates Rule 8's pleading requirements. Moreover, plaintiff's repetitive and rambling allegations lack relevant details that are necessary for defendants to prepare an answer. Significantly, plaintiff even fails to specify the date on which the wrongs allegedly occurred, thus preventing defendants from asserting possible threshold defenses, including but not limited to statute of limitations.

In Shabtai v. Levande, 2001 WL 77064 (E.D.N.Y. January 23, 2001), the Eastern District dismissed a *pro se* complaint which consisted of 140 single spaced pages with over 900 numbered paragraphs. As Judge Block instructed, "Under the Rules' liberal pleading standards, a plaintiff must disclose sufficient information to permit defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery," Id. at * 1 (citing Kittay v. Kornstein, 230 F.3d 531, 541 (2nd Cir. 2000)).

3

In <u>Moscowitz v. Brown</u>, 850 F.Supp. 1185 (S.D.N.Y.1994), the Court dismissed a *pro se* complaint, with prejudice, after giving the plaintiff opportunities to replead. The "amended" complaint in that action contained an array of charges, ranging from religious discrimination to defamation to insider trading to prostitution. In dismissing the complaint, the court concluded that the complaint was "a labyrinthine prolixity of unrelated and vituperative charges." <u>Id</u>. at 1190.

The complaint at bar fails to satisfy the standard required under Rule 8 and accordingly, should be dismissed.

## CONCLUSION

Because plaintiff's complaint fails to satisfy the standard of brevity and clarity required by Fed. R. Civ. P. 8 this Court should dismiss the complaint.

Dated: Mineola, New York
       July 17, 2007

                                      MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP
Attorneys for Defendants
JOHN DIMILIA, DARREL ALGAREN, and MICHAEL GUEDES

_____
STEVEN C. STERN (SS 2573)
JENNIFER E. SHERVEN (JS 4195)
240 Mineola Boulevard
Mineola, NY 11501
(516) 741-7676
Our File No. 05-233

5

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK      )
                       ) s.s.:
COUNTY OF NASSAU       )

**GLYNIS SHARP,** being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Valley Stream, New York.

That on July 17, 2007, deponent served the within **MEMORANDUM OF LAW** upon:

| | |
|---|---|
| Mr. Anthony Crivello Russo<br>Mid-State Correctional Facility<br>DIN 05A5228<br>PO Box 2500<br>Marcy, New York 13403 | Office of the New York State Attorney General<br>120 Broadway<br>New York, New York 10271-0332 |

the addresses designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
GLYNIS SHARP

Sworn to before me this 17th day
of July, 2007.

_____
NOTARY PUBLIC

GABRIELLA CAMPIGLIA
Notary Public, State of New York
No. is 02CA6144909
Qualified in Nassau County
Commission Expires May 01, 2010