# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Anthony Crivello Russo | ) | CASE NO.: 07 CIV. 5795 |
| Plaintiff | ) | |
| | ) | |
| v | ) | |
| | ) | |
| Jan B. Golding, Police Officer | ) | **Amended** |
| | ) | **Complaint For Constitutional** |
| John Dimilia, Sergeant | ) | **Rights Violations** |
| | ) | **with Verification,** |
| Darrel Algarin, Police Officer | ) | |
| | ) | Hon. Mark D. Fox |
| Michael Guedes, Police Officer | ) | |
| | ) | |
| Joseph Vousden, Trooper | ) | |
| | ) | |
| Keven M. Chorzempa, Police Officer | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

### Statement of The Case

1. The instant action arises from the forcible rush to judgement of Anthony Crivello Russo by Town of Wallkill Police on December 24, 2004 about 5:50 am in their: 1) display of excessive force in a aggrevated assault against Anthony Crivello Russo and immediate warrantless search of his home, 2) and a subsequent vindictive prosecution with the following events occuring on or about: a) Grand jury indictment January 12th on a taint complaint; b) January 28, 2005 Anthony Crivello Russo gets out of jail., about 10pm a $200.000.00 bail bond is set by a bias Judge that says, " It's not the nature of the crime, it's the man" concerning the high bail that is set; c) June 27, 2005 serveral days before trial Anthony Crivello Russo tried to fire his attorney and proceed in propria

persona, but Judge Jeffrey Berry in effect disallows Anthony Crivello Russo to proceed in propria persona since Anthony Crivello Russo ends up keeping His then, at the time, attorney Brian MacNamara for the the rest of the trial as representative speaking on His behalf.. This in effect damages Anthony Crivello Russo's critical challenge of the courts jurisdiction since, "In his own person. It is a rule in pleading that pleas to the jurisdiction of the court must be pleaded in propria persona, because, if pleaded by attorney, they admit the jurisdiction, as an attorney is an officer of the court, and he is presumed to plead after having obtained leave, which admits the jurisdiction." Black's Law Dictionary. The court can presume jurisdiction due to the attorney; d) Also about October 6, 2005 Anthony Crivello Russo is sentenced resulting in false imprisonment.

**1-a. Plaintiff is Pleasding the case In Propria Persona, Sui Juris suffering false imprisonment. Precedent Relevant To Pro Se or In propria Persona Pleaded Cases and Constitutional/Civil Rights Violations:**

"... the right to file a lawsuit pro se is one of the most important rights under the constitution and laws." Elmore v. McCammon, 640 ESupp. 905, 911.

Even in a case where plaintiff has not alleged a violation of a specific civil rights statute, pro se complaints are to be construed liberally and Complainants are not held to the precision of a code pleader. Haines v. Kerner, 404 U.S. 519, 520 (1972)

Especially where a plaintiff pleads pro se (or in propria persona) in a suit for protection of his civil rights, the court should endeavor to construe his pleadings without regard for technicalities, and lower court must grant a hearing so that plaintiff's facts may be fully developed and considered. Kelly v. Butler County Board of Com'rs, 399 F.2d 133, 134-135 (3d Cir.1968).

A civil rights (or constitutional rights) complaint may not be dismissed on motion if it states some sort of claim,

baseless it may prove to be and inartistically as the complaint may be drawn and this is particularly true where the plaintiff is not represented by counsel. Brooks v. Pennsylvania R. Co., 91 ESupp. 101 (SD NY, 1950).

Dismissal was overturned in spite of fact that pro se (or in propria persona) complaint was 150 pages long, and described as, "inept." The Court stated, "Where plaintiff pleads pro se in a suit for protection of civil rights (or constitutional rights), the court should endeavor to construe plaintiff's pleading without regard to technicalities." Picking v Pennsylvania Railway, 151 F.2d 240 (3d Cir. 1945).

Pro se complaint requires a less stringent reading than one drafted by a lawyer. Puckett v. Cox, 456 F.2d 233 (6th Cir. 1972).

"The Court cannot know, without hearing the parties, whether it may be possible for the appellant to state a claim entitling him to relief, however strongly it may incline to the belief that he cannot." Cooper v. United States Penitentiary, Leavenworth, 433 F2d 596, 597 (10th Cir 1970).

Even if it appears an almost certainty that the facts as alleged in the complaint cannot be proved to support the claim the complaint cannot be dismissed so long as a claim is stated.  Boudeloche v. Grow Chem. Coatings Corp., 728 F2d 759, 762 (5th Cir. 1984).

1-b.  The force police use is clearly excessive since they are on Anthony Crivello Russo's property trespassing, being told to leave, and they have no objective clear reason to see Anthony Crivello Russo as a danger to the store owner and clerk that start the incident.

1-c.  This incident starts as a civil dispute or misunderstanding and police escalate it to an,

outrageous shooting, almost killing Anthony Crivello Russo and

. Anthony Crivello Russo still has a bullet in his back that threatens his life to this day.

**2.** Defendants are under obligation to be aware of the constitutional rights of the

Plaintiff.

**3.** Suit is being brought against the Defendants in their individual capacities

### Jurisdictional Allegations

4. Jurisdiction of this court is invoked pursuant to:

42 USC 1983, which states:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State
>
> or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United
>
> States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or
>
> immunities secured by the Constitution and laws, shall be liable to the party injured in an action at
>
> law, suit in equity, or other proper proceeding for redress..."

5. Warrantless entry into individuals home to arrest him for violation of a civil traffic offense violates the

Fourth Amendment. WELSH V. WISCONSIN, 466 US 740, 80 LEd2d 732, 104 SCt 2091 (1984). Where

police lack probable cause to make arrest, arrestee has claim under Sec. 1983 for false imprisonment based on

detention pursuant to that arrest. GROMAN V. TOWNSHIP OF MANALAPAN, 47 F3d 628 (3rd Cir. 1995). 1)

Right not to be arrested or prosecuted without probable casue is clearly established constitutional right for

purposes of Sec. 1983 civil rights action.  (2) False arrest, illegal detention (false imprisonment), and malicious

prosecution are recognized as causes of action under Sec. 1983. SANDERS V. ENGLISH, 950 F2d 1152 (5th

Cir.1992);GOLINO V. CITY OF NEW HAVEN, 950 F2d 864 (2nd Cir. 1991)    Damages for emotional distress may be appropriate where plaintiff suffers sleeplessness, anxiety, stress, marital problems, and humiliation. SALINAS V. ONEILL, 286 F3d 827 (5th Cir. 2002); THOMPSON V. OPEIU, 74 F3d 1492 (6th Cir. 1996). State officials held subject to personal liability for damages under 42 USCS, sec. 1983 based on official acts, where sec. 1983 actions were brought against officials in their individual capacities. HAFER V. MELO, 502 US 21, 116 LEd2d 301, 112 SCt 358 (1991).

6   This is a action for substantive rights violations done by Town of Wallkill Police and New York State Police and other New York State officials.

7   At all times material to the complaint this Plaintiff Anthony Crivello Russo is a proprietary possessor of land, and living on that land in Orange County, New York state.

8.  At all times material to this complaint the Defendants are residents or employees of Orange County, in New York state.

9.  All acts necessary or precedent to the bringing of this complaint occur or accrue in Orange County, New York state by State officials.

10. This court is under obligation to give full faith and credit to the case cites of other states, being a court of competent jurisdiction.

United States Constitution, Article IV:

Section 1. Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the Congress may by general laws prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof

11   This court has jurisdiction.

## Parties

### Plaintiffs

12. Anthony Crivello Russo - temporary postal location, MID-STATE CORRECTIONAL FACILITY, P.O. Box 2500 Marcy, New York.

### Defendants

13. Investigator, Jan B. Golding, a police officer in the State of New York.

14. Sergeant, John Dimilia, a police officer in the State of New York.

15. Officer, Darrel Algarin, a police officer in the State of New York.

16. Officer, Michael Guedes, a police officer in the State of New York.

17. Trooper, Joseph Vousden, a police officer in the State of New York.

18. Officer, Keven M. Chorzempa, a police officer in the State of New York.

### Legal Claims

### Memorandum of Law

### Controlling Maxims of Law and Case Law

**Legal Claims For Cause of Action Four, and Five**

**Prosecution with a failure to state a cause of action:**

19. Who is harmed by Anthony Crivello Russo. There is no allegation of damages for Anthony Crivello Russo harms no one. .I do not consent to the charge of a vague victimless crime against The People. If this action is meant to be being brought by the people of "New York" I am one of the people of New York and the maxim of law says, "One may not do an act to himself." Produce the body of the victim alleging criminal conduct on my part. I have a right, being a living soul, to face the living soul who is my accuser. The charging instrument

contains no clear facts of a crime committed by Anthony Crivello Russo against another living soul. The facts are modified with fiction on top of fiction so there are no facts at all. The **fiction of The People (of New York) is injurious to me** since there is no **fairness and equity** in "me" participating in acting against "me". The fact of who sustains injury is not forthcoming, therefore the **injury does not exist; "... it is not the defect of law, but the want of proof.".** The operation of law is vague and uncertain concerning who is injured and charging me. If there is no proof of a party with injuries there is no truth in there being injury, and the **fictions have no truth.** This court must exercise supervisory authority over lower court and require dismissal the action in lower court for lack of a cause of action, Anthony Crivello Russo damages no living soul. On my copy of the charging instrument, to be exact, it says the people of "New" not "New York" and there is no jurisdiction of the people of new to my knowledge. There is no cause of action for a nonexistent people. I do not presume the action is brought by the People of New York, the complaint says the People of New.

The Maxims of Law say:

a. It is a wretched state of things when the law is vague and mutable.

b. No one can sue in the name of another.

c. Fiction is against the truth, but it is to have truth.

d. In a fiction of law, equity always subsists.

e. A fiction of law injures no one.

f. Fiction of law is wrongful is it works loss or injury to any one.

20. The case must be dismissed for lack of factual allegation in the charging instrument. The store owner's or store clerk's sworn testimony is needed to establish a factual allegation of the events at the store according to the police account in the indictment. The charging instrument contains no factual allegation from a legitimate independent source upon which the police began the investigation and encounter with Anthony Crivello Russo.

The Maxim of Law says:

a. What does not appear and what is not is the same; it is not the defect of law, but the want of proof.

b. In law, none is credited unless he is sworn. All facts must, when established by witnesses, be under oath or affirmation.


21. "All crime is commercial" in the statutory "law merchant" law in which the court has jurisdiction. Commercial means there must be a contract. No contract, no cause of action. Contracts signed under economic duress are voidable. ABBADESSA V. MOORE BUSINESS FORMS, INC., 987 F2d 18 (1st Cir. 1993). There is no valid contract in evidence. The contract where I wave my God-Given fundamental rights that this action extends from must be in evidence or there is no cause of action. Contractual clauses purporting to waive constitutional rights must be clear and unambiguous. IN RE WORKER'S COMPENSATION REFUND, 46 F3d 813 (8th Cir. 1995). There is a presumption against the waiver of constitutional rights. US V. CHERRY, 217 F3d 811 (10th Cir. 2000). Waivers of fundamental Rights must be knowing, intentional, and voluntary acts, done with sufficient awareness of the relevant circumstances and likely consequences. BRADY v. U.S., 397 U.S. 742 at 748 (1970). I have a God-Given right with constitutional protection to: (1) keep and bare arms, the constitution does not restrict those who pay there debt to society, (2) travel, which has protection against private and public encroachment (WILLIAMS, 457 US 55, 60 n. 6, 72 LEd2d 672, 102 SCt 2309 (1981)) (3) protect my property. No contract stating otherwise no cause of action.

The Maxims of Law say:

a. No one is obliged to accept a benefit against his consent;

b. Consent makes the law. A contract is a law between the parties, which can acquire force only by consent.


22. There is no competent fact witness that is a legitimate independent source outside of government who is charging Anthony Crivello Russo. The basis for the complaint is a police officer's perjury, giving testimony

stating Anthony Crivello Russo made voluntary statements when it is obvious Anthony Crivello Russo is in a situation where after Anthony Crivello Russo's warning to police to stop trespassing and leave Anthony Crivello Russo's property the coerciveness of police threatening Anthony Crivello Russo's life by shooting Anthony Crivello Russo seven times is the reason for any statements by Anthony Crivello Russo . If Anthony Crivello Russo wants to talk then and there he would not say to police get off my property and bring to police attention they are violating "No Trespassing" signs. Anthony Crivello Russo is in a circumstance that is against Anthony Crivello Russo's will, being: shot multiple times by police executing a warrantless and false arrest on Anthony Crivello Russo. Anthony Crivello Russo's talking in the circumstance is against Anthony Crivello Russo's will. The Maxim of Law says, "An act done by me against my will is not my act." There is no competent fact witness that is a legitimate independent source, the court must dismiss on this grounds. Because there is no competent fact witness my task is to set the record straight and not to defend myself, therefore I am not a defendant in truth, though the action terms me "defendant".

The Maxims of Law say:

a. Take away the will, and every action will be indifferent.

b. When the plaintiff does not prove his case, the defendant is absolved.


23. The officer also perjures himself by stating under penalty of perjury that Anthony Crivello Russo waives his Miranda rights meaning Anthony Crivello Russo waives the fundamental Right to not witness against himself. Anthony Crivello Russo denies the statements made in the plaintiff's complaint are his voluntary statements and denies that he waives his Miranda rights during any conversation with police or anyone else concerning this matter, at any time. Waivers of fundamental Rights must be knowing, intentional, and voluntary acts, done with sufficient awareness of the relevant circumstances and likely consequences. See Brady v. U.S., 397 U.S. 742 at 748 (1970). Due Process test for evaluating voluntariness of defendant's confession requires inquiry into whether defendant's will was overborne by the circumstances surrounding the giving of confession. DICKERSON V. __US, ___US___ ,___ LFd2d___, 120 SCt 2326 (2000). The officer is responsible to know

that someone shot multiple times who's will is under overwhelming circumstances cannot be said to be making voluntary statements to his attackers and associates. The statement by the officer that Anthony Crivello Russo made the statements Anthony Crivello Russo is said to have made found in the complaint, is at best gross negligence and equivalent to intentional false statements, perjury, and therefore the complaint fails to state a cause of action on the grounds there is no legitimate fact witness upon which to try Anthony Crivello Russo; the indictment is taint by false statements. Coerced or otherwise involuntary statement may never be used for any purpose. US v. kaba, 999 F2d 47 (2nd Cir. 1993). US V. KELLY, 953 F2d 562 (9th Cir. 1992). Contracts are illusory in sense of hopelessly or deceptively one-sided, if they are fraudulent, unconscionable, or the result of undue influence (Undue Influence - improper influence that deprives a person of freedom of choice or substitutes another's choice or desire for the person's own compare coercion, duress, necessity ). TRUCK INS EXCHANGE V ASHLAND OIL, INC., 951 F2d 787 (7th Cir. 1992)

The Maxims of Law say:

a. Ignorance of the Law does not excuse misconduct in anyone, least of all a sworn officer of the law.

b. No man is bound to produce writings against himself.

c. No one is bound to accuse himself.

d. No one ought to accuse himself, unless before God.

e. False in one (particular), false in all.

f. Deliberate falsehood in one matter will be imputed to related matters.

24. The court lacks subject matter jurisdiction due to the fact there is no competent fact witness in this case upon which to try Anthony Crivello Russo. Anthony Crivello Russo denies he agrees at any point to be a witness against himself by making the statements in the complaint charging Anthony Crivello Russo and by waiving Miranda rights. For this reason the complaint lacks a cause of action. The complaint contains perjury, deception and false statements. The complaint is defective and void on its face. If it were good, still, Anthony

Crivello Russo's Affidavit defeats it; the Maxim of Law says, "When opinions are equal, a defendant is acquitted." Prosecutor's knowing use of perjured testimony violates due process clause. SCHAFF V. SNYDER, 190 F3d 513 (7th Cir. 1999);

25. Until the plaintiff submits uncontroversial evidence of subject-matter jurisdiction to the court that the court has subject-matter jurisdiction, the court is proceeding without subject-matter jurisdiction.. "Where jurisdiction is contested, the burden of establishing it rests upon the plaintiff." *Loos v American Energy Savers, Inc.*, 168 Ill.App.3d 558, 522 N.E.2d 841(1988); "...the burden of proving jurisdiction rests upon the party asserting it." *Bindell v City of Harvey*, 212 Ill.App.3d 1042, 571 N.E.2d 1017 (1st Dist. 1991). In Yates v. Village of Hoffman Estates, Illinois, 209 F.Supp. 757 (N.D. Ill. 1962), the court held that, "...not every action by a judge is in exercise of his judicial function. ... it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse."

**Legal Claims For Cause of Action Two, Six, Seven, Eight, and Thirteen**
**Execution of a warrantless arrest without probable cause or exigent circumstances:**

26. Officers had no probable cause **to use force** and make the arrest. All evidence found in Anthony Crivello Russo's automobile and house are fruit of illegal search and seizure and the court must suppress this evidence. The burden of proof is on the Wallkill police to show there is probable cause or exigent circumstances, they cannot because there is not. Since Anthony Crivello Russo shows no physical force the officers have no right to use physical force. Shooting Anthony Crivello Russo in his back and with multiple shots is excessive force since it is obvious he is no threat when his back is to police. Shooting Anthony Crivello Russo in the back shows for certain that the police action done here is not a moderate blameless defense on the part of police, but it is revenge.

~~but a little more liveliness, and *that*, if he marry *prudently*, his wife may teach him. I believe I~~ ~~have just told you every thing, and the children are wanting me. Yours, very sincerely,~~

*ARι,* *The Maxims of Law say:*

a. Where there is no act, there can be no force.                    ~~M. GARDINER.~~"

b. It is lawful to repel force by force, provided it be done with the moderation of blameless defense, not for the *purpose of seeking*

*ARι,* ~~purpose of seeing~~ revenge, but to ward off injury.

c. Power ought to follow, not to precede justice.

d. A citizen cannot be taken by force from his house to be conducted before a judge or to prison.


27.  In issue, **there is no proof of exigent circumstances that** are not created by the officers demonstrating unlawful actions and entering Anthony Crivello Russo's property without a warrant.  Exigent circumstances exception to warrant requirement does not apply when police create the exigent circumstances. US V. RODEA, 102 F3d 1401 (5th Cir 1996).


28.  All the facts police have at the time they reach Anthony Crivello Russo's house are contrary to probable cause of a crime or exigent circumstances:

a. The officers are in no danger, all they need do is leave as they are told, they are trespassing.

b. The store clerk is left unharmed

c. No one else is harmed by Anthony Crivello Russo

d. It is not a crime to have a rifle in a car, which the officers have no proof of at the time anyway, nor does Anthony Crivello Russo say to them he has one..

e. Anthony Crivello Russo drives home safe without harming any one so there is no evidence that he is drunk while driving.

f . There are no exigent circumstances in this case creating the imperative need for the officers to enter Anthony Crivello Russo's property and  execute a warrantless arrest and search and seizure.

29. <u>In Issue, there is no:</u>

g. Imminent threat to life; no one is harmed in any way physically by Anthony Crivello Russo.

h . Imminent and serious threat to property; there is no property damage to the store or to

anything else on Anthony Crivello Russo's way home.

I. Imminent escape of a suspect; **Anthony Crivello Russo went home** not to the airport

j. Imminent destruction of evidence; a gun is never put on display by Anthony Crivello Russo so  there was no

evidence that there was evidence to destroy.


30.  What the police see and are using for probable cause or exigent circumstances is **consistent with innocent**

**behavior**.  Courts must be especially cautious when the evidence that is alleged to establish probable cause is

consistent with innocent behavior.  REID V. GEORGIA, 448 US 438, 65 LEd2d 890, 100 SCt 2752 (1980).

There is a presumption a search by government agents is unreasonable under Fourth Amendment unless

conduction is pursuant to warrant  issuing from judicial officer upon finding of probable cause. US V.

WARREN, 42 F3d 647 (D.C. Cir 1994).  (1) Absent consent or exigent circumstances, police may not enter a

citizen's home without a warrant, (2) Mere presence of weapons or destructible evidence does not by itself,

create exigent circumstances. PEYTON V. NEW YORK, 445 US 573, 63 LED2d 639, 100 SCt 1371 (1980),

US V. PARRA, 2 F3d 1058 (10th Cir. 1993).


The Maxims of Law say:

a. The burden of proof lies upon him who affirms, not on him who denies.

b. The claimant is always bound to prove: the burden of proof lies on him.

c. Everyone is presumed to be innocent until his guilt is established beyond a reasonable doubt.

31. The **hearsay testimony of the store owner and circumstantial evidence of the store clerk at the time is not sufficient** to rise to the level of establishing probable cause of a crime in progress. A ex post facto affidavit by the clerk or owner or any other evidence appearing after the fact is not sufficient to give the police probable cause for a arrest that comes before the evidence. Evidence recovered after arrest may not be basis of probable cause for that arrest. US V. BIZIER, 111 F3d 214 (1st Cir. 1997). Any evidence that came to light after arrest is not relevant to inquiry into probable cause for arrest. MALTBY V. WINSTON, 36 F3d 548 (7th Cir 1994).

32. The Town of Wallkill Police are attempting to pass as probable cause of a crime, **the hearsay and circumstantial evidence of what police are describing as a civil dispute** and say this gives them right to execute a warrantless arrest and search and use force able to kill. It is absurdness on the part of the Town of Wallkill Police to take any type of civil matter and raise it to the level of probable cause and invade someone's house and property. This whole encounter began with what police are describing as a civil matter and the obscuration of this fact is evident in the fact that there are no charges being brought by the store owner and clerk making the original allegations. The origin of this matter reveals that **the police do err in taking what police are describing as a civil matter in the beginning and using it to say there is probable cause.** This court must dismiss this matter on the grounds the arrest search and seizure and false imprisonment are unlawful due to no probable cause or exigent circumstances. By its definition, probable cause can only exist in relation to criminal conduct, and therefore civil disputes cannot give rise to probable cause. STEVENS V. ROSE, 298 F3d 880 (9th Cir. 2002). Warrantless entry into individuals home to arrest him for violation of a civil traffic offense violates the Fourth Amendment. WELSH V. WISCONSIN, 466 US 740, 80 LEd2d 732, 104 SCt 2091 (1984). Where police lack probable cause to make arrest, arrestee has claim under Sec. 1983 for false imprisonment based on detention pursuant to that arrest. GROMAN V. TOWNSHIP OF MANALAPAN, 47 F3d 628 (3rd Cir. 1995). (1) Right not to be arrested or prosecuted without probable casue is clearly established constitutional right for purposes of Sec. 1983 civil rights action. (2) False arrest, illegal detention (false imprisonment), and

malicious prosecution are recognized as causes of action under Sec. 1983. SANDERS V. ENGLISH, 950 F2d

1152 (5th Cir.1992);GOLINO V. CITY OF NEW HAVEN, 950 F2d 864 (2nd Cir. 1991)


The Maxims of Law say:

a. The principal part of everything is the beginning.

b. To refer errors to their origin is to refute them.

c. The origin of a thing ought to be inquired into.


33.  Probable cause of a crime must have facts that show intent:

Probable cause of a crime includes **evidence of intent to commit a crime**.  The store clerk is without harm, and

Anthony Crivello Russo who is never seen by police with the store clerk or owner goes home, both show there

is no intent to harm the store clerk by Anthony Crivello Russo.  The officers see this and see there is no

evidence of intent to commit a crime **no matter what they believe** could happen. What they observe to the

point of **reaching Anthony Crivello Russo's house is** contrary to a man drunk with a gun going to shoot

someone.  Arrest without probable cause is illegal no matter what officer believes. RUEHMAN V. SHEAHAN,

43 F3d 525 (7th Cir. 1994).  Probable Cause is of criminal conduct occurring, not the:


a. Probability of a crime without observable facts

b. Accusation of a crime without observable facts

c. Suspicion of a crime being committed at a later date without facts.


The Maxims of Law say:

d. In offenses, the will and not the consequences are to be looked to.

e. It is to the intention that all law applies.

f . Every act is to be estimated by the intention of the doer.

g. An act does not make a man a criminal, unless his intention be criminal.

h. An act does not make a person guilty, unless the intention be also guilty. This maxim applies only to criminal cases; in civil matters it is otherwise.

j . In offenses, the intention is regarded, not the event.

j . **The intention amounts to nothing unless some effect follows.**

k. The habitation of each one is an inviolable asylum for him.

l . Every man's house is his castle.

**Legal Claims For Cause of Action Two, Nine, and Ten**

**Gross Negligence Trespass:**

34.  The officers demonstrate gross negligence, equivalent to intentional wrong,  in entering Anthony Crivello Russo's property to make arrest without a warrant or exigent circumstances not **created by their gross negligence..**   In doing so they are in violation of Anthony Crivello Russo's due process rights and the court must suppress the evidence gathered and dismiss this case for due process violations. Their intentional violation of Anthony Crivello Russo's property, and thereby creating threatening circumstances,. creates the violent encounter by trespassing and shooting Anthony Crivello Russo in the back, Anthony Crivello Russo does not create exigent circumstances: (1) Exigent circumstances exception to warrant requirement does not apply if government created or manufactured exigency, (2)  Government has burden of proving existence of exigent circumstances. US V. RODEA, 102 F3d 1401 (5th Cir 1996)

The Maxim of Law says

a. Gross negligence is held equivalent to intentional wrong.

35.  One's home is sacrosanct, which includes his property out to the sidewalk and his automobile which the Fourth Amendment proscribes.  **The officers have a obligation to know not to effect a unlawful stop of Anthony Crivello Russo, in his automobile, on his private property.** Government has burden to show that evidence seized in unlawful stop is not "fruit of the poisonous tree." US V. TWILLEY, 222 F3d 1092 (9th Cir. 2000);  (1)  Intrusion into the interior of a automobile for investigative purposes constitutes a search; (2)  The protectin of the Fourth Amendment is enjoyed not only in the home, but on the sidewalk and in a person's automobile. US V. HUNT, 253 F3d 227 (5th Cir. 2001).

The Maxims of Law say:

a. Ignorance of the Law does not excuse misconduct in anyone, least of all a sworn officer of the law.

c. Every man's house is his castle.

c. The habitation of each one is an inviolable asylum for him.

36.  There is no consent on the part of Anthony Crivello Russo for the search and seizure.  Anthony Crivello Russo is under no obligation to agree to police intrusion onto his property.  In this event police are in the midst of using undue force and performing a false arrest since there is no probable cause for their actions: (1) One's home is sacrosanct, and unreasonable government intrusion into the home is the chief evil against which the wording of the Fourth Amendment is directed; (2) The Fourth Amendment prohibits a general warrant. ANOBILE V. PELLIGRINO,  284 F3d 104 (2nd Cir. 2002); US V. ZIMMERMAN, 277 F3d 426 (3rd Cir. 2002).  The Law of trespass forbids intrusions onto land that Fourth Amendment would not proscribe. US V. HALL, 47 F3d 1091 (11th Cir 1995). Unlawful search can never be justified by its fruits. PARKHURST V.

TRAPP, 77 F3d 707 (3rd Cir. 1996).

Police follow unlawful procedure in:

a. Following Anthony Crivello Russo to his house on the hearsay evidence of the store owner and the

pyramiding inferences of circumstantial evidence by the clerk making accusations yet, is without harm.

b. Trespassing on Anthony Crivello Russo's property where there are "No Trespassing" signs warning them not

to trespass.

c . Doing a blood test and taking finger prints on Anthony Crivello Russo without his consent.

The Maxims of Law say:

d. The greatest enemies to peace are force and wrong.

e. Force and wrong are greatly contrary to peace.

f . Force is inimical to the laws.

37.  The charging instrument "Voluntary Disclosure Form Indictment #2005-055" states, "Discovery and

inspection of the following enumerated items is to the extent consented to:"  This statement demonstrates

deception, and that this action is proceeding under false pretenses.  I give, nor have I ever given police or the

District Attorney or investigators or any other persons my consent to: (1) follow me to my house and shoot me

in the back, (2) enter my private property and arrest me and search my property without a search warrant and

over warnings of trespassing on my property, (3) test my blood for alcohol, (4) enter my house to talk with my

friends in my house past no trespassing signs. The scope of a search is limited by the breadth of the consent

given. US  V. GIGLEY, 213 F3d 509 (10th Cir. 2000). Government bears burden of proving by preponderance

of evidence that consent to search was freely and voluntarily given. US V. SAADEH, 61 F3d 510 (7th Cir.

1995)

38. In threatening to arrest and shooting Anthony Crivello Russo in the back without giving him a chance to be heard in **a meaningful time and way** concerning the matter, police adopt a unlawful policy of shoot first and ask questions later violating due process.. The meaningful time and manner for Anthony Crivello Russo to be heard in this situation is before he is arrested and shot up in the unlawful execution of a warrantless arrest over a civil dispute that police escalate into trespass and a senseless shooting. Normal police in this situation will try to talk it over or just drop the matter which due process requires. (1) Due process requires as general matter opportunity to be heard at meaningful time and in a meaningful manner. (2) Citizen must be afforded due process before deprivation of life, liberty or property. KELM V. HYATT, 44 F3d 415 (6TH Cir. 1995); MATTHEWS V. ELDRIDGE, 424 US 319, 333, 47 LEd2d 18, 96 SCt 892 (1976); ARNSTRONG V. MONZO, 380 US 545, 552, 14 LEd2d 62, 85 SCt 1187 (1965)


The Maxim of Law says

a. Summonses or citations should **not be granted before it is expressed** under the circumstances whether the summons ought to be made.

b. Power ought to follow, not to precede justice.


39. The need to stop this type of outrageous behavior on the part of police requires, in the interest of fairness and good faith, the government dismiss this case. If outrageous irresponsible activities continue and increase due process principles, including in this case, will bar government from invoking judicial processes to obtain a conviction. "We may some day be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction...." US V. RUSSELL, 411 US 423 (431-432), 38 LE2d 366, 93 SCt 1637 (1973).

The Maxim of Law says:

a. Error artfully colored is in many things more probable than naked truth; **and frequently error conquers truth and reasoning.**

40. Police in their individual capacity engaging in official acts demonstrate unlawful and outrageous actions by invading Anthony Crivello Russo's private property and shooting him causes Anthony Crivello Russo senseless severe anxiety, stress, and mental and emotional distress trying to stay alive.   Anthony Crivello Russo also experiences great undue humiliation before his local community as a result of these police actions. Mental and emotional distress are commpensable even in the absence of physical injury. DASKALEA V. DISTRICT OF COLUMBIA, 227 F3d 433 (DC Cir. 2000).  A plaintiff bringing a civil rights claim may be compensated for intangible, psychological injuries as well as financial, property, or physical harm. FERRILL V. PARKER GROUP, INC., 168 F3d 468 (11th Cir. 1999).  Section 1983 does not require any intent to violate constitutional rights.  HUDSON V. NEW YORK CITY, 271 F3d 62 (2nd Cir. 2001).  Under Louisiana law, "actual damages" include damages for mental pain and suffering. SMITH V. THE BERRY CO., 198 F3d 150 (5th Cir. 1999). Damages for emotional distress may be appropriate where plaintiff suffers sleeplessness, anxiety, stress, marital problems, and humiliation. SALINAS V. ONEILL, 286 F3d 827 (5th Cir. 2002); THOMPSON V. OPEIU, 74 F3d 1492 (6th Cir. 1996).  State officials held subject to personal liability for damages under 42 USCS, sec. 1983 based on official acts, where sec. 1983 actions were brought against officials in their individual capacities. HAFER V. MELO, 502 US 21, 116 LEd2d 301, 112 SCt 358 (1991).

**Legal Claims For Cause of Action One, Four, Eleven, and Twelve**

**Vindictive Prosecution**

41. This is a vindictive prosecution and must be dismissed.  The warrant was unlawful in that it targeted items

relating to **past incidents under the protection of First Amendment freedom of speech, and the press and religion has nothing to do with the issue at hand**. The judge is obligated to be aware **there is a presumption of vindictive prosecution because of my history of fighting wrongs** done by the Wallkill Police and the judge at appropriate times should be cautious not to bring past incidents and a search for related items to past incidents into this matter which is not similar in any substantial way. The alleged accusation that began this whole event says, Anthony Crivello Russo is drunk and threatening to shoot a store clerk. This has nothing to do with government officials or agencies. The encounter on Anthony Crivello Russo's property with police occurs is without exigent circumstances that are not a creation of the gross negligence of the police invading Anthony Crivello Russo's property over trespass warnings. **I object to, and do not consent to evidence** resulting from a warrant which **allows for the taking of items unrelated to the current issue; it is all unlawful** evidence and this court must suppress such evidence, this evidence is not admissible. NOVAK V. NAVISTAR INTERN TRANSP. CORP., 46 F3d 844 (8th Cir. 1995). Further, **dismissal is the remedy.**

42. Warrant issued on the basis of a affidavit that shows probable cause only because it contains a deliberate or reckless falsehood or omission violates the Fourth Amendment. TECHNICAL ORDNANCE INC. V. US, 244 F3d 641 (8th Cir. 2001). A presumption of vindictiveness in initiating prosecution arises when the circumstances of the case create a realistic likelihood of prosecutorial vindictiveness. US V. jOHNSON, 171 F3d 139 (2nd cir. 1999). (1) Criminal prosecution which would not have been initiated but for vindictiveness is prohibited by the constitution; (2) The remedy for prosecutorial vindictiveness is dismissal of the charges or other appropriate remedies. BRAGAN V. POINDEXTER, 249 F3d 476 (6th Cir. 2001). Due process of law is violated when government vindictively attempts to penalize a person for exercising protected statutory or constitutional rights. US V. CONKINS, 987 F2d 564 (9th Cir. 1993). "Exclusionary Rule" provides that illegally obtained evidence to which timely objection is made, cannot be admitted into evidence. US V. DOANE, 975 F2d 8 (1st Cir. 1992). Once Defendant meets initial burden on vindictive prosecution claim,

burden shifts to government to justify its charging decisions with legitimate, articulable, objective reasons. US

V. WOODS, 34 F3d 1570 (10th Cir. 1994)

43.  The targeting of documents criticizing government agencies and officials, which is the strongest protection

of the First Amendment, shows the ulterior motive behind this prosecution being to silence this speech.  Also,

the officers are responding in vindictive manner in their response to Anthony Crivello Russo's verbal challenge

of their illegal trespass behavior then and there. If prior incidents are not substantially similar to one giving rise

to case in issue, they are not admissible. NOVAK V. NAVISTAR INTERN TRANSP. CORP., 46 F3d 844 (8th

Cir. 1995).

44.  A verbal challenge of police who are not acting in good faith executing arrest is speech that enjoys the

protection of the First Amendment, and officers acting in bad faith may be resisted.  Cursing out police is not a

crime, nor is warning a trespasser a crime or a menace.  The trespasser is the menace. Criticism of the police

profane or otherwise is not a crime. US V. POOCHA, 259 F3d 1077 (9th CIr. 2001). Federal (or state) officer

who uses excessive force is not acting in good faith and may be resisted. US V. SPAN, 970 F2d 573 (9th Cir.

1992). The strongest protection of the First Amendment's free speech guarantee goes to the right to criticize

government or advocate change in governmental policy. VELAZQUEZ V. LEGAL SERVICES CORP., 164

F3d 757 (2nd Cir. 1999)

45.  The judge demonstrates a pervasive bias, in holding a unfavorable unfair opinion of Anthony Crivello

Russo when saying, 'It is not the nature of the crime but the man' in relation to the amount of the bail, before

many witnesses. To amount to reversible error on the basis of bias, a judge's remarks must demonstrate such

pervasive bias and unfairness that they **prejudice one of the parties in the case.** US V. RAMIREZ-CHILEL,

289 F3d 744 (11th Cir. 2002). And also the Town Wallkill and the judges are demonstrating barratry by

prosecuting and allowing the prosecution of charges against me for not having a Certificate of Occupancy when those charges are old charges I have already been found innocent of, but they are chosing to revisit them based on the illegal evidence that is said to be found in said action.

The Maxim of law says:

a. It is the duty of a good judge to remove the cause of litigation. [Acts 18:12-16]

b. The end of litigation is justice.

c. It is for the public good that there be an end of litigation

46. The Bail contract was done under threat, duress and coercion. In the use of a attorney to bail me out equal protection is violated by bail not being set with me functioning in propria persona, so I am under coercion in the bail contract. Since there is no evidence of a original crime or offense, the encounter with the police never should have occurred and my release should be under my own personal recognizance without cost, to mount my counter-claim. Any bail amount in this situation is excessive bail. This bail contract forcing me to get a attorney in order to secure my lawful freedom which I should be able to secure in propria persona is in violation of constitutional common law principles against involuntary servitude. Amnesty is granted to the attorney and the surety bail bondsmen, but not to the judge except by my immediate release from the bail contract

The Maxim of law says:

a. Whenever there is a doubt between liberty and slavery, the decision must be in favor of liberty.

b. It is a miserable slavery where the law is vague or uncertain.

c. An act done by me against my will is not my act.

47. Bail Reform Act requires release of person facing trial under least restrictive condition or combination of conditions that will reasonably assure appearance of person as required and safety of community; only in rare

circumstances should release be denied, and doubts regarding propriety of release should be resolved in

defendant's favor. US V. GEBRO, 948 F2d 1118 (9th Cir. 1991). Bail bond is contract between government,

defendant, and his sureties, and is governed by general contract principles. US V. FIGUEROLA, 58 F3d 502

(9th Cir. 1995). As matter of due process, pretrial detainees may suffer no more restrictions than are reasonably

necessary to ensure their presence at trial. VILLARREAL V. WOODHAM, 113 F3d 202 (11th Cir.1997).

Government has burden of proving risk of defendant's flight by preponderance of evidence. US V.

TOWNSEND, 897 F2d 989 (9th Cir. 1990).


**Legal Claims For Cause of Action Three, and Four**

**Suppression and Concealment of Exculpatory Evidence:**


48.  Town of Wallkill Police are in possession of a FOIA request for the Police report for the events in question.

The police are in dishonor not releasing the police report which they do conceal. Suppression of the police

report leaves time for the alteration of the report.  Who knows if anyone will see the original police report

again? There is a presumption of wrongdoing (the altering of the report) since wrong is done (dishonoring a

FOIA request for the report).  Since concerning the original report there is **suppression and concealment there**

**is a presumption of the report coming out being false and a misrepresentation** of the truth unless the Town

of Wallkill Police can produce a legitimate independent source that has first hand knowledge the report is the

authentic original. The suppression of any police report must occur.  Any police report Town of Wallkill Police

release is in a state of equipoise.  The production of any police report at this point is evidence of police

wrongdoing in covering up Anthony Crivello Russo's innocence **equal to (equipoise)** any accusation of

Anthony Crivello Russo's wrongdoing that it may contain.  This places it in a state of equipoise and the

suppression of it (the police report) is the result. The Wallkill Police has no right to use the police report against

Anthony Crivello Russo when a wrong is done to Anthony Crivello Russo concerning the police report.

Truthfulness of testimony..."The dignity of the United States Government will not permit the conviction of any person on tainted testimony." MESAREOSH V. US, 352 US 1, 1 LEd2d 1, 77 SCt 1 (1956). Government must demonstrate that evidence it uses to prosecute was derived from legitimate independent sources. US V. SCHWIMMER, 924 F2d 443 (2nd Cir. 1991). When the evidence is in equipoise, as a matter of law it cannot serve as the basis of a finding of knowledge element of a offense. US V. REVELES, 190 F3d 678 (5th Cir. 1999).

The Maxim of Law is,

a. A right cannot arise from a wrong.

b. Suppression of fact, which should be disclosed, is the same in effect as willful misrepresentation.

49. The court must suppress the  testimony of the police who contribute to the report since they are the subject of a false and misleading report; this the law presumes. Bias is always relevant in assessing a witness's credibility. SCHLEDWITZ V. US, 169 F3d 1003 (6th Cir. 1999). "Bias", which is always relevant in assessing a witness's credibility, is the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party. US V. JACKSO-RANDOLPH, 282 F3d 369 (6th Cir. 2002)

50. The **concealment** of the original police report does taint the report in its release and **disqualifies** any police report from being used as the **basis of a finding of knowledge element of a offense.** This **error may occur often,** but this is **no excuse for error.**  Suppression of evidence material to guilt or punishment violates defendant's fundamental due process rights. DOWTHITT V. JOHNSON, 230 F3d 733 (5th Cir. 2000). A defendant's right to due process is violated when, upon a request for exculpatory evidence, the government

conceals evidence that is both favorable to the defendant and material to the defendant's guilt or innocence and punishment. HUGHES V. JOHNSON, 191 F3d 607 (5th Cir. 1999). Prosecutor's suppression of evidence which would tend to exculpate defendant or reduce sentence violates due process. US V. WILLIAMS, 998 F2d 258 (5th Cir. 1993). The following evidence was held back without due cause and the original documents are likely to be exculpatory and there is no way to know now that the documents have not been altered to remove content favorable to the accused.

a.. Medical Records

b. The Police Report on the event

The Maxims of Law say:

c. Concealment of the truth is (equivalent to) a statement of what is false.

d. The multitude of those who err is no excuse for error.

51. The court must suppress the testimony of all the friends who live with me. Their testimonies are a product of coercion, giving them the false belief that I tried to kill police, which charge is already dropped, and the belief the search and seizure and invasion of my house is lawful. The testimonies are a result of a trespass and are fruit of that unlawful trespass. Coerced or otherwise involuntary statement may never be used for any purpose. US v. kaba, 999 F2d 47 (2nd Cir. 1993). US V. KELLY, 953 F2d 562 (9th Cir. 1992). Evidence that is recovered following a illegal entry into a home is inadmissible and must be suppressed. US V. REID, 226 F3d 1020. (9th Cir. 2000).

### General Factual Allegation

52. To my knowledge and remembrance there is no felony conviction against me which

operates by Law to restrict my constitutional God-Given rights to keep and bare arms.

53. I am a living man without being a accommodation or surety for any fictional entity.

54. My Law is the law of life in Jesus Christ. I am one of the people of God.

55. My proper Christian name is Anthony Crivello Russo, in proper upper and lower case

Englishgrammar.

56. The application of any other name than Anthony Crivello Russo upon me is without authority and in

conflict with my laws.

57. The prosecution of my body under any other name than Anthony Crivello Russo is a conflict of laws.

58. ANTHONY RUSSO is not me, nor am I a surety for the name and fiction.

59. The charges against that name ANTHONY RUSSO are without application to me.

60. I recognize no obligation to receive paperwork from the court with that name ANTHONY RUSSO on it

being applicable to me.

61. I have no contract with the court or plaintiff to apply the name ANTHONY RUSSO to me.

62. Any previous application of that name ANTHONY RUSSO to me is by threat duress, or coercion or by

mistake.

63. This court and the plaintiff are a third party to any use of the name ANTHONY RUSSO in relation to me,

they are not a party to the contract, and use of the name or any other fictional name is without my consent.

64 I told police to stop trespassing and leave on the day in issue.

65. In the past, State Police harassed me and arrested me on false charges and I brought

charges in federal court and won a judgment for thousands of dollars.

66. I got one of the State Police officers arrested for fingerprint tampering who was convicted.

67. I took Wallkill Police to court for harassment and excessive force when they trespassed on my property.

68. I also took the two state police, the Wallkill Chief of police the Town Supervisor and four Councilmen to

Southern District Court of New York in 1997.

69. I did a news article on Judge Slobod, Seregate Court, and on Judge Shoemaker Town of Wallkill in

February of 2003.

## Factual Allegation Common Elements For Offenses

### 70. Cause of Action, One: Barratry

a. The Town Of Wallkill officials are repeating legal actions solely to harass me.

b. The charges in this case are outrageous and on the day Anthony Crivello Russo's bail does post on this action the Town Of Wallkill officials brings other charges and a separate action for a housing violation, including a charge they brought years ago that I was found innocent on, December 21, 1995..

c. The Town Of Wallkill officials are repeating legal actions using illegal evidence found by talking with my friends in my house without Anthony Crivello Russo's consent for police to enter his house.

### 71. Cause of Action, Two: Trespass

a. With intent and knowledge of the consequences the Wallkill Police invade my property against my consent and over me repeating to them to stop trespassing, and past "No Trespassing" signs

b. therefore they act with substantial knowledge that their invasion and trespass is certain to occur without authorization.

c. I gave police appropriate heart-felt warnings and commands to not trespass on my property.

### 72. Cause of Action, Three: Fraud by Concealment

a. The Town Of Wallkill police are conceal material facts they are under a duty to disclose in the police report,

b. and it is apparent the police car video tapes have undergone alteration since they have no sound.

c. None of the police cars pull into a position to film the attack upon Anthony Crivello Russo on the day in

issue.

d. All this is done to defraud Anthony Crivello Russo.

e. The police report and sound on tapes and frontal view of incident all include exculpatory evidence and Anthony Crivello Russo receiving damages by this information being held back,

f. the knowledge lacking by the items being withheld is damaging Anthony Crivello Russo's ability to act in Anthony Crivello Russo's behalf.


### 73.  Cause of Action, Four: Deception

a. In the charging instrument police make intentional, deliberate, and reckless false statements about the material facts in issue.

b. They say there is consent where there is no consent given.

c. Town of Wallkill police and State Police are suppressing exculpatory evidence by concealing the police report on the event of Anthony Crivello Russo's being shot in the back by Town of Wallkill police.


### 74. Cause of Action,  Five: Equal Protection Violations

a. On the day in issue Anthony Crivello Russo is not receiving treatment in a constitutional manner as others do in a similar situation involving police;

b. but Anthony Crivello Russo receives treatment as a Russo. because Anthony Crivello Russo challenges police wrong doing many times in the past.

c. **Wauthority, consent, exigent circumstances, probable cause or a warrant,**

d. police deprive Anthony Crivello Russo of his due process rights;

e. Police deprive Anthony Crivello Russo of his property;

f.  Police deprive Anthony Crivello Russo of his freedom;

g. Police deprive Anthony Crivello Russo of his safety;

h.  Police deprive Anthony Crivello Russo of his security;

i.  and police do the above d - h under color of state law.

j.  **In violation of due process of law: the following events occur:**

k.  police invade Anthony Crivello Russo's land on the day in issue,  and

l.  police then execute a false arrest;

m. Police then shoot Anthony Crivello Russo in the back and multiple other places on his body;

n.  Police then bring false charges against Anthony Crivello Russo;

o.  Police take items from Anthony Crivello Russo's house without a warrant;

p.  and police ask personal questions about Anthony Crivello Russo of his friends and family, thereby invading Anthony Crivello Russo's privacy;

q.  Police then keep Anthony Crivello Russo under false imprisonment;

r.  Police lie in the complaint when they say Anthony Crivello Russo made the statements in the complaint by consent;

s.  Police lie in the complaint when they say I agree to waive miranda rights, my right to not  incriminate myselfon the day in issue;


**75. Cause of Action, Six: Illegal Search and Seizure**

a.  Police, without probable cause,  exigent circumstances, and without Anthony Crivello Russo's authorization or consent, in bad faith execute a illegal entrance onto Anthony Crivello Russo's property;

b.  and police search Anthony Crivello Russo's property and take items not in plain view from his non-moving vehicle and house,

c.  and police talk with people in Anthony Crivello Russo's house gathering evidence.

d.  Town of Wallkill police commit a major trespass and shoot Anthony Crivello Russo seven times in the

process.

e. Town of Wallkill police cause exigent circumstances by trespassing on Anthony Crivello Russo's property

without lawful authority.

**76. Cause of Action, Seven: Aggravated Assault:**

a. The Town of Wallkill police in fact cause Anthony Crivello Russo's body injury in a reckless manner.

b. Town of Wallkill police shooting Anthony Crivello Russo in the back without lawful cause.

c. Town of Wallkill police shoot Anthony Crivello Russo knowing it will injure Anthony Crivello Russo and

with intent to harm Anthony Crivello Russo with weapons able to kill.

**77. Cause of Action, Eight: False Imprisonment:**

a. Town of Wallkill police without lawful authority arrest and place Anthony Crivello Russo a living soul and

real man under physical restraint.

b. Townof Wallkill police confinement Anthony Crivello Russo without Anthony Crivello Russo's consent.

**78. Cause of Action, Nine: Gross Negligence:**

a. The Town of Wallkill police owe Anthony Crivello Russo a duty to provide due process of law before

depriving Anthony Crivello Russo of life, liberty or property.

b. The Town of Wallkill police violate that duty on the day in issue by trespassing on Anthony Crivello Russo's

property, shooting, injuring and almost killing Anthony Crivello Russo without cause.

c. It is reasonable to say that Town of Wallkill police know they are trespassing since: there are

"No Trespassing" signs up, Anthony Crivello Russo commands police to leave, and police have

no evidence to support the original allegations that Anthony Crivello Russo is drunk and going to

shoot a store clerk.

d. The conduct of Town of Wallkill police is so reckless that it demonstrates a substantial lack of concern for whether a injury to Anthony Crivello Russo will result from their actions.

**79. Cause of Action, Ten: Inflicting Mental and Emotional Distress:**

a. The Town of Wallkill police on the day in issue engage in intentional and reckless conduct that is extreme and outrageous.

b. Town of Wallkill police trespass on Anthony Crivello Russo's property and shoot Anthony Crivello Russo in the back without lawful authority.

c. Town of Wallkill police trespassing on Anthony Crivello Russo's property and shooting Anthony Crivello Russo in the back causes Anthony Crivello Russo severe distress struggling to stay alive.

**80. Cause of Action, Eleven: Vindictive Prosecution:**

a. In this case a presumption of vindictiveness in initiating prosecution arises because the circumstances of the case create a realistic likelihood of prosecutorial vindictiveness since in the past I challenge the wrong doings of Town of Wallkill and New York State Police..

b. In the past I challenge State Police for harassing me and arresting me with false charges and I bring charges against them in federal court and win a judgment of tens of thousands of dollars.

c. In the past I get one of their State Police officers put under arrest for fingerprint tampering and the case ends in his conviction.

d. In the past I take Town of Wallkill Police to court for harassment and excessive force after they trespass on my property.

e. In the past I also take two State Police, the Wallkill Chief of Police, the Wallkill Town

Supervisor and four Councilmen to The Southern District Court of New York in 1997.

f. In the past I also write news article on Surrogate Court Judge Slobod ; and on Judge

Shoemaker Town of Wallkill in February of 2003.

g. The judge in this action said at the bail hearing, something to the effect of, "It's not the nature of the crime

but the man!"

h. The Town of Wallkill police on the day in issue shoot Anthony Crivello Russo in the back which makes it

obvious that it is not because he is a immediate threat that they shoot Anthony Crivello Russo.

i. Town of Wallkill police refuse to let a friend of Anthony Crivello Russo's who is a EMT help Anthony

Crivello Russo until the ambulance arrives on the scene.

j. Town of Wallkill police drag on the ground a man who has been shot several times.

k. No Town of Wallkill police or State Police break up a first aid kit to try to help Anthony Crivello Russo until

the ambulance arrives on the scene.


**81. Cause of Action, Twelve: Involuntary Servitude:**

a. The judge is forcing me to work to replace the money taken from me in having to pay out excessive bail and

to labor to keep in contact with the bail bondsmen.

b. This all is compulsory by first holding me without bail on false charges of "attempted murder" for which

there is no indictment, police drop the charges and all the other charges are false.

c. From the beginning there is no lawful authority to hold me without bail, this is against my will for the benefit

of the court system and judge.

d. Then, because of the excuse of a "sealed indictment" I am without access to the court and further held

without a bail hearing when the indictment contains no "attempted murder" charge.

e. Still, I am held until because of health needs I am under extreme pressure to get a attorney and pay out

thousands of dollars so I do, and only then am I given a bail hearing,

f. when in by law I should have access to the court for a bail hearing ab initio in propria persona.

g. The judge uses coercion by the threat of me not getting out of jail and getting proper health care to force me to pay out thousands of dollars to agents of the court, which I have to work for..

## 82. Cause of Action, Thirteen: Excessive Force:

a. On The day in issue Anthony Crivello Russo suffers severe injure and possible death at the hands for the Town of Wallkill Police by police shooting Anthony Crivello Russo seven times.

b. The force police use is clearly excessive since they are on Anthony Crivello Russo's property trespassing, being told to leave, and they have no objective clear reason to see Anthony Crivello Russo as a danger to the store owner and clerk that start the incident.

c. This incident starts as a civil dispute or misunderstanding and police escalate it to a outrageous shooting, almost killing Anthony Crivello Russo and

d. Anthony Crivello Russo still has a bullet in his back that threatens his life to this day.

### Relief Request

Wherefore, I, Anthony Crivello Russo petition and with respect make demands of the Court to and for:

1. Trial by jury on all issues triable by jury,

2. Compensatory damages for all money paid by Plaintiffs to medical professionals and bail and attorney's fees,

3. Compensatory damages in the amount of $10,000 per day for every day that Plaintiff Anthony Crivello Russo was in the custody and control of the Defendants, from each Defendant, for each cause of action;

4. Punitive damages to be determined by a jury.

5. Plaintiffs' cost of the suit;

6. Leave to amend the complaint, pursuant to Fed. R. Civ. P. 15(a), once discovery ~ .completed, and Defendants have raised the usual Fed. R. Civ. P .12(b )(6) objections and avalanche of procedural gimmicks;

7. An Order from the court explaining wherein the complaint is deficient and how to correct it;

8. A declaratory judgment that the practices of the Defendants violated the substantive and procedural due process, constitutionally protected and statutory rights of the Plaintiff;

9. Enter one Order authorizing Plaintiff's release from involuntary placement at the current facility where He is in custody, and to issue a Writ of Habeas Corpus commanding the Administrator, el al. of the facility to produce the body of I-Me, Anthony Crivello Russo the Plaintiff before this Court for a hearing proceeding, for the release of I-Me, Anthony Crivello Russo the Plaintiff.

10. And enter orders:

Declaring the acts of the Defendants to be in violation of the oath of office of a police officer serving during a time of good behavior,

Declaring the relevant trial resulting in the incarceration of Anthony Crivello Russo to be in violation of due process requirements,

For Judgment declaring the conviction of Anthony Crivello Russo in said relevant trial to be a Void and Vacant Conviction,

Exonerating Anthony Crivello Russo of all charges,

Granting the Habeas Corpus and ordering the immediate release of Anthony Crivello Russo with prejudice.

### Verification

The Undersigning, I, me, Anthony Crivello Russo, holder in due course of Original Jurisdiction do herewith affirm, state and say that I, Anthony Crivello Russo, issue this "**Amended Complaint For Constitutional Rights Violations with Verification,** " in the Nature of an Affidavit of Truth with sincere intent in truth, that I, me, the undersigned Anthony Crivello Russo am competent to state the matters set forth herein, that the contents are true, correct, complete, and certain, admissible as evidence, and reasonable and just to the best of my knowledge, by me, undersigning whether one or more of the people.

Notice to the agent is notice to the principal applies to this notice.
Notice to the principal is notice to the agent applies to this notice.
Notice to the Governor for the State of New York, is notice to all agents of the State of New York.

I, me reserve all of my Rights. With full reservation of all my natural God given rights, I retain rights Creator-God vests in me, the Most Holy and Undivided Trinity.

Sign Manual, holder in due course

Anthony-Crivello Russo
temporary mailing location below:
P.O. Box 2500
Marcy, New York 13403

New York state

N. R. ~~of~~ ONEIDA _____County

This instrument, "**Amended Complaint For Constitutional Rights Violations with Verification**" in the Nature of an Affidavit of Truth was acknowledged before me, a Notary Public in and for the State of New York, on this _13_ day of the _September_ month in the year of our Lord and Savior, Jesus Christ two-thousand seven. A. D.

Sworn and Subscribed to, before me

STATE OF NEW YORK                                              Seal:
Notary Public: _____

My commission expires _____

JOSEPH A. JORDAN
Notary Public, State of New York
Reg. # 01JO6102656
Appointed in Oneida County
My Commission Expires December 8, 20_07_ .