# TABLE OF AUTHORITIES

**Cases**

Abbatiello v. Monsanto Co., --- F.Supp.2d ----, 2007 WL 3274771 (S.D.N.Y., November 5, 2007) .................................................................................................................................. 9

Baker v. Dorfman, 239 F.3d 415 (2d Cir. 2000) .......................................................................... 8

Channer v. Mitchell, 43 F.3d 786 (2d Cir. 1994) ........................................................................ 6

Duamutef v. Morris, 956 F. Supp. 1112 (S.D.N.Y. 1997) ....................................................... 6, 7

Hardy v. NYC Health & Hosp. Corp., 164 F.3d 789, 793-94 (2d Cir. 1999) ............................... 8

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) .................................................................... 6, 7

Jocks v. Tavernier, 316 F.3d 128, 135 (2d Cir. 2003) ................................................................. 6

Labensky v. County of Nassau, 6 F.Supp.2d 161, 175 (E.D.N.Y. 1998), *aff'd* 173 F.3d 845 (2d Cir. 1999) ................................................................................................................................ 5

Mozzochi v. Borden, 959 F.2d 1174, 1179-80 (2d Cir. 1992) ..................................................... 7

Weyant v. Okst, 101 F.3d 845, 855 (2d Cir. 1996) ...................................................................... 6

**Statutes**

42 U.S.C. § 1983 ................................................................................................................ 1, 6, 7, 8

Fed. R. Civ. P. 8 ............................................................................................................................ 2

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1, 6

Gen. M. Law §50-e .................................................................................................................... 8, 9

Gen. M. Law §50-i ........................................................................................................................ 8

## PRELIMINARY STATEMENT

Defendants John Dimilia, Darrel Algaren and Michael Guedes (hereinafter the "Wallkill Defendants") move herein to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), all of plaintiff's claims against them save plaintiff's claim sounding in excessive force pursuant to 42 U.S.C. § 1983. All of plaintiff's claims arising out of his December 24, 2004 arrest and prosecution are barred as a matter of law by his criminal conviction and therefore, fail to state a cause of action against the Wallkill Defendants. Plaintiff's claims under state law are barred by the statute of limitations and his failure to file a notice of claim. The balance of plaintiff's claims are incomprehensible and fail to set forth any cognizable claim at law.

Plaintiff's amended complaint is an unwieldy convoluted and rambling hodgepodge of allegations seemingly purporting to allege civil rights violations and state law claims arising from his December 24, 2004 arrest. (Exh. A). The most liberal construction of the amended complaint reveals allegations sounding in excessive force, false arrest/false imprisonment, malicious prosecution, Equal Protection, Due Process, First Amendment, illegal searches/seizures, concealment of potentially exculpatory evidence, trespass, gross negligence, excessive bail, assault, intentional infliction of emotional distress, fraud by concealment, and habeas corpus. (Exh. A).

Based on the governing Second Circuit law, plaintiff's claims for false arrest and malicious prosecution should be dismissed in their entirety. Plaintiff was tried after a grand jury indictment, was convicted at trial, and is now serving time relating to the incident at issue in this case. Likewise, plaintiff cannot sustain claims relating to his arrest, the seizure of evidence and search of his home where, as here, he was convicted and the conviction has not been invalidated. Plaintiff challenges the validity of his conviction and therefore, claims sounding in Equal

Protection, Due Process, and the First Amendment fail to state a claim. As do his allegations regarding "involuntary servitude" and "trespass" and *habeas corpus* in the context of this case.

The Wallkill Defendants are entitled to dismissal of all of these claims because plaintiff's conviction establishes probable cause for his arrest and prosecution and thus precludes him from asserting them, in addition to the fact that plaintiff's state law claims are barred by the applicable statute of limitations and his failure to file a notice of claim.

For these reasons, as set forth more fully below, the Wallkill Defendants request that this Court dismiss all of plaintiff's claims except for his claim asserting excessive force under federal law.

## PROCEDURAL HISTORY

Plaintiff commenced the within action on or about June 19, 2007. The complaint was so convoluted, rambling and indecipherable that defendants moved on July 17, 2007 for a more definite statement pursuant to Fed. R. Civ. P. 8. On August 24, 2007, the Court directed plaintiff to amend the complaint and, on or about September 27, 2007, plaintiff served the amended complaint that is the subject of this motion. (Exh. A). While the Wallkill Defendants move herein to dismiss the substantive allegations, they nevertheless contend that the amended complaint – like the original complaint – is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8.

## STATEMENT OF FACTS[1]

Plaintiff was arrested on December 24, 2004. (Exh. A, ¶1). Among other charges, plaintiff was charged with threatening to shoot a store clerk. (Exh. A, ¶41 ("The alleged accusation that began this whole event says, Anthony Crivello Russo is drunk and threatening to shoot a store clerk.")). At the time of plaintiff's arrest in front of his home, plaintiff was in possession of a rifle. (Exh. A, ¶28 ("It is not a crime to have a rifle in a car.")).

On January 12, 2005, plaintiff was indicted by the grand jury on charges stemming from his December 24, 2004 arrest. (Exh. A, ¶1). He was later convicted at trial for charges arising out of his December 24, 2004 arrest. (Exh. A, Relief Request ¶10). On October 6, 2005, plaintiff was sentenced and currently is serving his sentence at the Mid-State Correctional Facility in Marcy, New York. (Exh. A, ¶¶ 1, 12).

In this action, plaintiff asserts, "This court must exercise supervisory authority over lower court and require dismissal [sic] the action in lower court for lack of a cause of action" and dismiss the "charging instrument" or criminal "complaint." (Exh. A, ¶19). Plaintiff further asserts that the defendants executed "a warrantless and false arrest" and "had no probable cause" to arrest him because "the hearsay testimony of the store owner and circumstantial evidence of the store clerk at the time is not sufficient" to establish probable cause. (Exh. A, ¶¶ 22, 26, 31). Plaintiff additionally asserts, "This court must dismiss this matter on the grounds [sic] the arrest search and seizure and false imprisonment are unlawful due to no probable cause or exigent circumstances." (Exh. A, ¶32). Plaintiff requests that this Court review the jury's conviction of plaintiff, and essentially the entire criminal proceeding, including plaintiff's claim that the

---

[1] These are the salient facts related to this motion that can be gleaned from the allegations of the amended complaint itself.

3

defendants' search was illegal because, it was "vindictive prosecution and must be dismissed." (Exh. A, ¶26, 41).

Plaintiff alleges that the "charging instrument" or criminal "complaint" was improper because it was brought by "The People (of New York)" and he is "one of the people of New York" and "One may not do an act to himself." (Exh. A, ¶19). He further alleges that the basis for the criminal complaint was "a police officer's perjury" and denies that the statements in the complaint were his voluntary statements because he did not waive his Miranda rights at any time. (Exh. A, ¶¶22, 23, 24). He argues this "is at best gross negligence and equivalent to intentional false statements, perjury, and therefore the [criminal] complaint fails to state a cause of action ... the indictment is taint by false statements." (Exh. A, ¶23).

Plaintiff further claims, "All evidence found in Anthony Crivello Russo's automobile and house are fruit of illegal search and seizure and the court must suppress this evidence" because the defendants entered his "property without a warrant" and there were "no exigent circumstances." (Exh. A, ¶¶26, 27, 28). Plaintiff alleges that evidence, such as medical records, the police report and police car videotapes, were either withheld at trial or altered, claiming that this evidence was likely to have been exculpatory. (Exh. A, ¶¶50, 72). Plaintiff asserts that the "Prosecutor's suppression of evidence which would tend to exculpate defendant or reduce sentence violates due process." (Exh. A, ¶50).

Plaintiff alleges that the discovery that was apparently exchanged in the criminal matter under "Voluntary Disclosure Form Indictment #2005-055" constituted "deception" in so far as the proceeding was "under false pretenses" because plaintiff did not give consent to the defendants to follow him to his home, enter his property, arrest him, search his property, trespass or to test his blood. (Exh. A, ¶37).

4

Plaintiff appears to allege a First Amendment claim arising either from the alleged targeting of certain documents in the search warrants which "shows the ulterior motive behind this prosecution being to silence this speech," or from plaintiff's cursing at the police and warning them that they were trespassing. (Exh. A, ¶¶43, 44). Plaintiff appears to allege Equal Protection and/or Due Process claims in that plaintiff "is not receiving treatment in a constitutional manner as others do in a similar situation involving police" because it was "a false arrest" followed by "false charges" and items were taken from his home "without a warrant." (Exh. A, ¶74).

Plaintiff also alleges that the "excessive bail" that was set in the criminal matter was done so "under coercion" and "is in violation of constitutional common law principles against involuntary servitude." (Exh. A, ¶¶46, 81). Plaintiff also alleges a claim for "inflicting mental and emotional distress." (Exh. A, ¶79).

Plaintiff was represented by an attorney at trial and was involved in his own criminal defense. (Exh. A, ¶1). Notably, plaintiff does not allege that his conviction was overturned or otherwise invalidated, nor does plaintiff allege that he timely filed a Notice of Claim concerning any of the state law claims.

## ARGUMENT

### POINT I

### PLAINTIFF'S CLAIM FOR FALSE ARREST, MALICIOUS PROSECUTION AND OTHER CLAIMS THAT ATTACK THE VALIDITY OF HIS CONVICTION MUST BE DISMISSED.

In order to state a claim either for false arrest or malicious prosecution, a plaintiff must demonstrate, *inter alia*, that there was a confinement that was not privileged. See Labensky v.

5

confinement is privileged when there is probable cause for an arrest. See Jocks v. Tavernier, 316 F.3d 128, 135 (2d Cir. 2003). A conviction establishes the existence of probable cause as a matter of law. See Weyant v. Okst, 101 F.3d 845, 855 (2d Cir. 1996) (conviction on underlying charges is normally conclusive evidence of probable cause, which bars a claim for false arrest). Thus,

> in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); see also Channer v. Mitchell, 43 F.3d 786 (2d Cir. 1994) (affirming Heck-based dismissal, pursuant to Fed. R. Civ. P. 12(b)(6), of *pro se* plaintiff's § 1983 claims because plaintiff failed to establish that his conviction had been reversed); Duamutef v. Morris, 956 F. Supp. 1112 (S.D.N.Y. 1997) (dismissing *pro se* plaintiff's §1983 claims of malicious prosecution, false arrest, perjury, retaliation against First Amendment rights, and denial of Equal Protection under Heck because underlying criminal conviction was not invalidated).

The Supreme Court in Heck affirmed the dismissal of the § 1983 case because plaintiff's underlying criminal conviction had not been invalidated. See Heck, 512 U.S at 489. Moreover, "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Id at 489. At bar, the plaintiff's conviction has not been so reversed, invalidated, expunged or impugned in any way.

6

Although plaintiff attempts to frame his complaint against the defendants as a § 1983 action, the essence of the lawsuit challenges the legality of his conviction. Plaintiff was convicted following a grand jury indictment. He goes so far as to ask this Court to overturn his conviction and issue a writ *habeas corpus* releasing him from prison. There is certainly no jurisdiction to do so in this civil proceeding.

Plaintiff's failure to demonstrate that his conviction has been reversed or otherwise invalidated bars all claims arising out of his arrest and prosecution. Therefore, he cannot in this forum pursue claims for false arrest and malicious prosecution, as well as his claims sounding in equal protection, due process, and those relating to the search, seizure and alleged concealment of allegedly "exculpatory" evidence.

Plaintiff asserts a due process claim, ostensibly based upon the police "execut[ing] a false arrest, "bring[ing] false charges," taking items from his home without a warrant, and falsely imprisoning him. These allegations all sound in false arrest, and attack the validity of his conviction. (Exh. A, ¶74j, *et seq.*). Likewise, his Equal Protection allegations assert that, on the date of his arrest he was "not receiving treatment in a constitutional manner as others do in a similar situation involving police," and asserts that they arrested him without probable cause. (Exh. A, ¶74a, *et seq.*). Even plaintiff's claim sounding in retaliation for exercise of his First Amendment rights must also be dismissed because the criminal prosecution resulted in plaintiff's conviction. See Duamutef v. Morris, 956 F. Supp. at 1116 (Heck based dismissal of First Amendment claim); see also Mozzochi v. Borden, 959 F.2d 1174, 1179-80 (2d Cir. 1992). Plaintiff asserts that the police officers had an "ulterior motive behind this prosecution being to silence this speech." (Exh. A, ¶43). Because plaintiff's First Amendment claim challenges the validity of his conviction, it must be dismissed.

Accordingly, plaintiff cannot successfully prosecute these claims without undermining the validity of his conviction. Under these circumstances, a finding by this Court that plaintiff has a viable claim for false arrest or malicious prosecution under § 1983 would amount to an impermissible collateral attack on plaintiff's criminal conviction. Thus, all of plaintiff's claims that attack the validity of his conviction in the underlying criminal case should be dismissed as a matter of law. Each of plaintiff's allegations, except his claim of excessive force on the date of his arrest, attack the validity of his conviction and should be dismissed.

## POINT II

### PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED BASED UPON THE EXPIRATION OF THE STATUTE OF LIMITATIONS AND PLAINTIFF'S FAILURE TO FILE A NOTICE OF CLAIM

In addition to plaintiff's federal claims set forth above, plaintiff asserts claims sounding in state law for trespass, gross negligence, assault, intentional infliction of emotional distress, and "fraud by concealment." These claims are all barred by the statute of limitations and plaintiff's failure to file a notice of claim.

A plaintiff asserting state law tort claims against a municipal entity or its employees acting in the scope of employment must (i) file a notice of claim within ninety days after the incident giving rise to the claim, and (ii) commence the action within one year and ninety days from the date on which the cause of action accrues. See Gen. M. Law §§50-e and 50-i; see also Baker v. Dorfman, 239 F.3d 415 (2d Cir. 2000). These statutory provisions are strictly construed by the courts. See Hardy v. NYC Health & Hosp. Corp., 164 F.3d 789, 793-94 (2d Cir. 1999). Plaintiff never filed a notice of claim relating to his allegations in this case. As such, all of his state law claims must be dismissed on this ground alone.

More significantly, he failed to file this case within the one year and ninety day statute of limitations set forth in Gen. Mun. Law § 50-e. Plaintiff asserts in the complaint that his claims all arose from his arrest on December 24, 2004. (Exh. A, ¶1). Even the most recent date referenced in the complaint is October 6, 2005, the date of his criminal sentencing. (Exh. A, ¶1).

The plaintiff's allegations all arise from his arrest on December 24, 2004. The statute of limitations on the state claims arising from this incident therefore expired on March 24, 2006. Since this action was filed on June 19, 2007, the statute of limitations has long since expired. Even assuming the most recent date referenced in the amended complaint, plaintiff's October 6, 2005 sentencing, the statute of limitations would have expired on January 4, 2007. Thus, any claim even arising from his sentencing date would have already expired before he filed the complaint in this case. Because plaintiff did not commence this action until June 19, 2007, his state law claims are time-barred.

Nor are plaintiff's state law claims viable on the merits. Significantly, plaintiff's state claims for false arrest and malicious prosecution are barred by the same principles set forth in Point I, *infra*. Additionally, plaintiff alleges claims for intentional infliction of emotional distress, which is subject to the high standard of proof that defendants' actions amounted to "extreme and outrageous conduct," Abbatiello v. Monsanto Co., --- F.Supp.2d ----, 2007 WL 3274771 (S.D.N.Y., November 5, 2007), and "gross" negligence, which plaintiff cannot show in this instance.

As plaintiff's state law claims are time-barred, and he failed to serve a notice of claim, his claims sounding in state law causes of action should be dismissed in their entirety.

## CONCLUSION

For the reasons set forth herein, defendants John Dimilia, Darrel Algaren, And Michael Guedes respectfully submit that all of plaintiff's claims, except for his claim for excessive force under federal law, should be dismissed in their entirety, together with such other and different relief as this Court deems proper and just.

Dated: Mineola, New York
      November 15, 2007

                              MIRANDA SOKOLOFF SAMBURSKY
                              SLONE VERVENIOTIS LLP
                              Attorneys for Defendants
                              JOHN DIMILIA, DARREL ALGAREN,
                              and MICHAEL GUEDES

By: _____
        STEVEN C. STERN (SS 2573)
        JENNIFER E. SHERVEN (JS 4195)
        240 Mineola Boulevard
        Mineola, NY 11501
        (516) 741-7676
        Our File No. 05-233