MEMO ENDORSED

JUN 10 2008
S.D. OF N.Y. W.P.

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

LESLIE G. LEACH
Executive Deputy Attorney General
Division of State Counsel

JUNE DUFFY
Assistant Attorney General in Charge
Litigation Bureau

April 25, 2008

By Hand

Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street. Room 533
White Plains, New York 10601

Re:   Russo v. Golding
      07 Civ. 5795 (KMK)(MDF)

Dear Judge Karas:

      This letter is written on behalf of the three state defendants in response to plaintiff's terse Opposition to Judge Fox's Report and Recommendation ("R&R") in the above referenced matter. The state defendants ask that the Court accept this letter in lieu of a more formal reply. While the Opposition does not dispute the R&R in substance, it potentially adds a new allegation of conspiracy against a state defendant. Even if this new claim is considered at this time, it should be dismissed because it is at best conclusory. Thus, the state defendants request that the Court accept the R&R in full and dismiss the state defendants from this matter.[1]

      The R&R concluded that the state defendants' motion to dismiss should be granted, and plaintiff's Opposition papers do not appear to dispute that point in substance. The Opposition papers make only one reference pertaining to the state defendants, which is the assertion, raised for the first time in his Opposition, that State Police Officer Golding "conspired" with City of Wallkill Officer Algarin to "cover up" the unidentified "crimes" that occurred during the evening in question. Based upon plaintiff's submission and complaint, presumably this refers to plaintiff's allegation that the City of Wallkill police improperly shot plaintiff during his arrest that evening.[2]

---

[1] The Opposition papers are dated February 22, 2008, but this office has not received a copy from plaintiff at this time. We received a copy of the papers from the Court on April 3, 2008.

[2] The City of Wallkill defendants did not move to dismiss plaintiff's excessive force claims, so plaintiff's allegation against Officer Algarin remains in the case.

    To the extent plaintiff is now asserting a conspiracy claim against Officer Golding, which is not entirely clear, it should be dismissed. This conspiracy claim involving Officer Golding was not included in plaintiff's amended complaint (or his original complaint) and thus is raised here in the Opposition papers for the first time. Even if it were to be considered at this time, despite the fact that it is not included in his 40+ page complaint, it is at best a conclusory claim of conspiracy, and such conclusory claims are dismissed. See Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. 2002)("complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct")(citation and quotation marks omitted).

    Further, the state defendants twice requested pursuant to F.R.C.P. Rule 8 that this matter be dismissed specifically because it was unclear what plaintiff alleged that they did, despite his two 40+ page complaints. Plaintiff was able to amend his complaint after the August 24, 2007 conference with Magistrate Judge Fox, and filed an amended complaint that was obtuse, argumentative and indecipherable in large part. Now, after the R&R recommending that his claims against the state defendants be dismissed, he offers for the first time this claim naming Officer Golding. He has not filed a F.R.C.P. Rule 15 request to amend his complaint again. Given these circumstances, including our objections about the unclear nature of the complaints and the fact that this new claim appears after the R&R recommending dismissal, it would be unfair and inequitable to the state defendants to allow plaintiff to effectively amend his complaint through his Opposition. Accordingly, the R&R should be adopted in full and plaintiff's new claim, if there is one, should be rejected.

                 Respectfully submitted,

                  John E. Knudsen
                  Assistant Attorney General
                  (212) 416-8625

cc:  Anthony Crivello Russo, 05-A-5228 (via mail)
   Mid State Correctional facility

   Jennifer E. Sherven, Esq. (via mail)
   Miranda Sokoloff Sambursky Slone Verveniotis LLP

THE CLERK OF COURT IS RESPECTFULLY REQUESTED TO DOCKET THIS LETTER.

SO ORDERED

KENNETH M. KARAS U.S.D.J.
6/10/08