

# MSSSV

## MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP

MICHAEL A. MIRANDA*
BRIAN S. SOKOLOFF
STEVEN VERVENIOTIS
ONDINE SLONE
NEIL L. SAMBURSKY*
RICHARD S. SKLARIN°
STEVEN C. STERN
ADAM I. KLEINBERG

TIMOTHY J. MURPHY
MARK R. OSHEROW*◊□
COUNSEL

WRITER'S E-MAIL:
JSherven@MSSSV.com

THE ESPOSITO BUILDING
240 MINEOLA BOULEVARD
MINEOLA, NY 11501
TEL   (516) 741-7676
FAX   (516) 741-9060

WWW.MSSSV.COM

BRANCH OFFICES:
WESTCHESTER, NY
NEW YORK, NY
FANWOOD, NJ

JENNIFER E. SHERVEN
GABRIELLA CAMPIGLIA
TODD HELLMAN
CHARLES A. MARTIN
KIERA J. MEEHAN
DAMIAN F. FISCHER
MARIA THOMAS
NANCY R. SCHEMBRI*°
MICHAEL V. LONGO
MELISSA HOLTZER
MICHAEL P. SIRAVO
ARIEL S. ZITRIN
KOREN HARRIS*
PATRICK J. MALONEY

* ALSO ADMITTED IN NEW JERSEY
◊ ALSO ADMITTED IN CONNECTICUT
□ ALSO ADMITTED IN FLORIDA
° ALSO ADMITTED IN MASSACHUSETTS
*RESIDENT IN WESTCHESTER

May 1, 2008

Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

            Re:    Russo v. Golding, et al.
                   Docket No. 07 Civ. 5795 (WP-4)(MDF)
                   Our File No. 05-233

Dear Judge Karas:

      We represent defendants John Dimilia, Darrel Algaren, and Michael Guedes ("the Wallkill defendants") in the above-referenced action. We write in response to plaintiff's "Opposition" to Judge Fox's Report and Recommendation ("R&R") and ask that the Court accept this letter in lieu of a more formal reply. The Wallkill defendants respectfully request that this Court accept the R&R in full and dismiss all but the excessive force claim against them.[1]

      In July 2007, the Wallkill defendants moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 8. Thereafter, plaintiff agreed to amend his complaint. Upon receipt of plaintiff's amended complaint, in November 2007 the Wallkill defendants moved to dismiss plaintiff's claims, except the excessive force claim, pursuant to Fed. R. Civ. P. 12(b)(6).

      The Wallkill defendants moved to dismiss plaintiffs claims for malicious prosecution, false arrest or false imprisonment, unreasonable search and seizure, violation of First Amendment rights, denial of due process and equal protection on the grounds that the claims

---

[1] Plaintiff's "Opposition" is dated February 22, 2008, but to date this office has not been served by plaintiff. On or about April 3, 2008, the Court provided a copy to this office.

MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP

---

HONORABLE KENNETH M. KARAS
MAY 1, 2008
PAGE 2 OF 3

must be dismissed, under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and its progeny, because plaintiff was convicted of crimes arising out of his arrest. The Wallkill defendants also moved to dismiss plaintiff's pendent state claims on the grounds that plaintiff did not file a notice of claim and that these claims are barred by the statute of limitations. The Wallkill defendants did not move to dismiss plaintiff's § 1983 excessive force claim.

In the R&R on defendants' motions, Magistrate Judge Fox recommended that the Court grant the Wallkill defendants' partial motion to dismiss. In doing so, Magistrate Judge Fox made the following determinations:

- "Absent a showing that his conviction has been overturned, Plaintiff's claim for malicious prosecution is therefore barred by *Heck* and should be dismissed." (See R&R at p. 6).
- "Plaintiff's false arrest and false imprisonment claims necessarily call into question the validity of his conviction, and Plaintiff should therefore be barred from advancing these claims until and unless his conviction is overturned." (See R&R at p. 6).
- Plaintiff's claim for unreasonable search and seizure is barred by *Heck* as it calls into question his conviction. (See R&R at p. 7).
- Plaintiff's First Amendment retaliation claims are barred because plaintiff's conviction "is conclusive evidence, as a matter of law, that his arrest was supported by probable cause." (See R&R at p. 9).
- Plaintiff's equal protection claim is barred because plaintiff's First Amendment claim is barred. (See R&R at p. 10).
- Plaintiff's due process claim calls into question the validity of his conviction and is barred. (See R&R at p. 9-10).
- Plaintiff's pendent state law claims are barred by New York General Municipal Law § 50-e for failure to file a notice of claim and expiration of the statute of limitations. (See R&R at p. 12).

Plaintiff's "Opposition" does not dispute the R&R in substance. We respectfully note that plaintiff's "Opposition" to the R&R actually <u>acknowledges</u> that he was convicted of a crime related to the arrest at issue.

**MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP**

HONORABLE KENNETH M. KARAS
MAY 1, 2008
PAGE 3 OF 3

      The Wallkill defendants join in the State defendants' argument with respect to plaintiff's new allegation that a State defendant conspired with a Wallkill defendant to "cover up" unidentified "crimes" the night of plaintiff's arrest at issue. Accordingly, the R&R should be accepted in full by the Court and all claims against the Wallkill defendants, except the excessive force claim, should be dismissed.

                          Respectfully submitted,
                          MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP

                          Jennifer E. Sherven

cc:    ANTHONY CRIVELLO RUSSO
       DIN: 05A5228
       Plaintiff, *pro se*
       P.O. Box 2500
       Marcy, New York 13403

       OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL
       Attorney for Defendants JAN B. GOLDING, KEVIN M. CHORZEMPA, and JOSEPH V. VOUSDEN
       120 Broadway
       New York, New York 10271-0332
       Attn:   John E. Knudsen, Assistant Attorney General

*The Clerk of Court is Respectfully Requested to Docket This Letter.*

SO ORDERED

KENNETH M. KARAS U.S

6/10/08